## Commonwealth v. Kemmerer

*John Deutsch*, District Attorney, and *George T. McKinley*, Assistant District Attorney, for Commonwealth.

*Sidney R. Webb*, for defendant.

HEIMBACH, P. J., June 19, 1967.—We have before us, in a trial by the court without a jury, a stipulation of counsel for defendant and the Commonwealth of the evidence we are to consider in lieu of testimony.

Defendant is formally charged in the indictment with operating a motor vehicle on a public highway in Carbon County after his operator's privileges had been suspended for failure to post security as the result of an accident and not yet reinstated by the Department of Revenue of the Commonwealth of Pennsylvania.

The pertinent stipulated facts are these:

1. On May 23, 1962, the Secretary of Revenue suspended defendant's operator's privileges for failure to post financial security following an automobile accident.

2. At such time and all times prior and subsequent thereto, defendant was a resident of Pennsylvania.

3. Defendant has never been a licensed operator in the Commonwealth or elsewhere.

4. On December 15, 1966, defendant was apprehended while operating a motor vehicle on a public highway.

5. On December 29, 1966, defendant was arrested on a charge of operating a motor vehicle while his operator's privileges had been suspended, contrary to section 1432 of The Vehicle Code of April 29, 1959, P. L. 58, as amended.

Defendant contends that the secretary's action in suspending his operator's privileges was without legal sanction and void, and any charges made and indictment found on such suspension of operating privileges is a nullity. We agree.

The Secretary of Revenue shall, for failure to supply financial security, within 60 days after an automobile accident, (a) suspend the license of each operator and all registrations of each owner of a motor vehicle, (b) in the *case of a nonresident* suspend the privilege of operating a motor vehicle within this State: Section 1404 of The Vehicle Code of April 29, 1959, P. L. 58 as amended July 14, 1961, P. L. 616, sec. 2. (Italics supplied.)

We cannot read something into the statute that is not there. The secretary suspended the operation privileges of this defendant, a resident of Pennsylvania, for failure to post financial security. This, the secretary cannot do. Under The Vehicle Code, in the case of a resident, he may only suspend an operator's license. Defendant had no license to suspend. The secretary's action, being a nullity, will not support the instant charge of operating a motor vehicle during suspension of his operating privileges. For a case where the court fully discusses the issue involved, concluding as we do, see Robert's License, 41 D. & C. 2d 344.

We, therefore, enter the following

VERDICT

Now, June 19, 1967, defendant is found not guilty. Costs on the County of Carbon.