## Commonwealth v. Yorgey

*Howard T. Gathright*, for Commonwealth.

*Edward D. Foy, Jr.*, for defendant.

BODLEY, J., March 6, 1968.—Defendant is charged with the offense of operating a motor vehicle after his operating privilege had been suspended and be-

fore the same had been reinstated. Trial by jury was waived and the case was presented to the court by way of stipulation of facts. The case will be disposed of upon the record so made. The facts pertinent to our disposition of the case follow:

1. Defendant, Lester H. Yorgey, is a 25-year-old male who resides at 705 Auburn Road, Fairless Hills, Bucks County, Pa.

2. Although on three separate occasions defendant was the possessor of a learner's permit issued by the Bureau of Motor Vehicles, he has never been the holder of a valid operator's license issued by the Commonwealth of Pennsylvania or any other State of the United States of America.

3. In 1958, while the holder of a valid Pennsylvania learner's permit, defendant was operating a motor vehicle, accompanied by a licensed operator, and, while so doing, was involved in an automobile accident. It developed that defendant was not covered by liability insurance at the time of the accident and, subsequently, a judgment for money damages growing out of such accident was entered against defendant in the Court of Common Pleas of Montgomery County on September 8, 1960.

4. As a result of such accident, the Bureau of Highway Safety notified defendant of "suspension of motor vehicle privileges" and directed that he return to the bureau any current operator's card in his possession not later than October 23, 1958. In point of fact, defendant's learner's permit, which had been issued April 7, 1958, had expired July 12, 1958, and, as heretofore indicated, defendant had never possessed a valid operator's license.

5. Thereafter, presumably as a result of the judgment having been entered, the Bureau of Highway Safety again notified defendant of the "suspension of motor vehicle privileges" and directed that he return

all current registration and current operator's cards then in his possession by reason of his failure to satisfy the judgment entered against him in the Court of Common Pleas of Montgomery County. Defendant was directed to comply with this request not later than January 30, 1961. On that date, defendant was not the possessor of a valid operator's license.

6. On April 10, 1967, defendant, while operating a motor vehicle on the Pennsylvania Turnpike, was arrested and charged with violation of section 624.6 of The Vehicle Code of April 29, 1959, P. L. 58, as amended, Act of August 27, 1963, P. L. 1353, sec. 1, 75 PS §624(6).

Although the complaint and the transcript submitted by the justice of the peace charged defendant with violating section 624.6 of The Vehicle Code, the bill of indictment is framed generally, charging defendant with unlawfully operating a motor vehicle "upon the highways of the Commonwealth of Pennsylvania after his operating privilege had been suspended and before such operating privilege had been reinstated". No reference was made to the specific section of The Vehicle Code. In view of our ultimate disposition of the case, we are not called upon to determine whether or not defendant was, in fact, properly charged with a violation of section 1432(a) of The Vehicle Code, 75 PS §1432(a), rather than under section 624(6), which does not apply to a suspension issued under the Motor Vehicle Safety Responsibility provisions, 75 PS §1401, particularly sections 1404 and 1413, Act of April 29, 1959, P. L. 58, as amended, 75 PS §1404(b), 75 PS §1413(a). For conflicting views upon this subject, see Commonwealth v. Kemmerer, 42 D. & C. 2d 795 (1967), and Commonwealth v. Rushing, 28 D. & C. 2d 134, 10 Chester 467 (1962).

Without regard to the possible invalidity of the indictment, we are nevertheless compelled to find de-

fendant not guilty of any violation of section 1432 (a), since it would appear that the secretary's action suspending defendant's operating privileges has no basis in law and, hence, any such suspension must be determined a nullity.

Section 1432 (a) provides that "Any person whose license or registration or nonresident's operating privilege has been suspended or revoked under this article, and who during such suspension or revocation drives any motor vehicle upon any highway, . . . shall be guilty of a misdemeanor". It will be noted that the above-quoted section penalizes only those persons, residents of Pennsylvania, whose *licenses* have been suspended, as well as those nonresidents whose operating privileges have been suspended or revoked. Inasmuch as the Commonwealth agrees in the stipulation of facts that this defendant *never* had a valid Pennsylvania operator's license, there was no such *license* to suspend under the provisions of section 1432 (a) ; and since section 1404 (b), 75 PS §1404 (b) and §1413-(a), supra, provide that the Secretary of Revenue shall suspend only the *license* of the delinquent operator, it is only the license and not the operating privilege which can be suspended. Inasmuch as defendant never had such license, the action of the secretary in attempting to suspend such license is a nullity and, accordingly, defendant cannot be found guilty of violating section 1432 (a) of the code. See Roberts' License, 41 D. & C. 2d 344 (1966) ; Commonwealth v. Kemmerer, 43 D. & C. 2d 103 (1967), for cases with similar facts which reach the same conclusion as do we.

As pointed out in Roberts' License, supra, the legislature has made a clear distinction between the suspension of "operating privileges" and the suspension of an "operator's license". In view of this apparent distinction, so made by the legislature, it would seem to be in order for the legislature to amend sections

1404(b), 1413(a) and 1432(a) so as to provide for the suspension of "operating privileges" of Pennsylvania residents and so as to provide for punishment of operating while such "privileges" are under suspension. Similarly, the anomalous situation of the inability to prosecute under section 624(6) for any violation under section 618(b), it would seem, should be removed from the books. Whereas section 618(b) provides for the suspension of the operator's "license", section 624(6) provides for prosecution of those whose operating "privileges" are suspended. If our reasoning in the instant case is correct, it would seem that such a prosecution would also fail.

We, therefore, enter the following

### VERDICT

And now, March 6, 1968, for the reasons heretofore expressed, we find defendant, Lester H. Yorgey, not guilty of the offense with which he is charged. It is directed that defendant be discharged and that the costs of these proceedings be placed on the County of Bucks.