Commonwealth *v.* Lister, Appellant.

Submitted March 11, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

Before KELLER, J., without a jury.

*Stewart L. Kurtz* and *Taylor L. Kurtz,* for appellant.

*Edward S. Newlin,* Assistant District Attorney, and *John W. Walker,* District Attorney, for Commonwealth, appellee.

OPINION BY WATKINS, P. J., April 3, 1974:

This is an appeal from the judgment of sentence from the Court of Common Pleas of Franklin County,

by the defendant-appellant, Larry C. Lister, after conviction before the court without a jury of violating Section 624(6) of The Vehicle Code, 75 P.S. §624(6); post-trial motions were denied and he was sentenced to pay a fine of $200.00, to pay costs of prosecution and to be on probation for six months.

The section involved provides:

"It shall be unlawful for any person to commit any of the following acts:

"(6) To operate any motor vehicle or tractor upon the highways of this Commonwealth after the operating privilege is suspended or revoked or after the privilege to apply for an operator's license or learner's permit is suspended and before such operating privilege or right to apply for an operator's license or learner's permit has been reinstated."

The defendant had his operating privilege suspended upon the conviction of violating Section 1041 of The Vehicle Code, 75 P.S. §1041 (drag racing) on January 29, 1969. On June 16, 1969, a notice was mailed to him advising him that his operator's privileges and licenses would be suspended unless proof of financial responsibility was provided. At that time, he did not have his license restored because of the suspension of January 29. He was apprehended driving on March 13, 1972, at which time his operating privilege had not been restored.

The defendant contends that the Secretary of Revenue could not suspend his operating privilege for failure to maintain proof of financial responsibility. He relies on *Commonwealth v. Kemmerer,* 43 Pa. D. & C. 2d 103 (1967) and *Commonwealth v. Yorgey,* 44 Pa. D. & C. 2d 84 (1968). In these cases, the court limited the power of the Secretary of Revenue where it involved operators who never had a license to be suspended. These cases do not support the defendant because he did have a license that had been suspended.

In *Commonwealth v. Ungar,* 190 Pa. Superior Ct. 43, 44-45, 151 A. 2d 782, 783 (1959), this Court held: "The operation of a motor vehicle upon the highways of this Commonwealth is not a matter of right but is a matter of privilege. When that privilege has been suspended, it is not automatically restored either by the passage of time or the performance of some mandatory act. An operator must himself take affirmative steps to have his privilege to drive reinstated but, having taken those steps, he cannot be permitted to drive until the Secretary of Revenue has taken some affirmative action to restore the privilege. Both are necessary to again exercise the privilege and to obviate the plain provision of section 620 (h) of The Vehicle Code. (Section 620 (h) is the equivalent of our present Section 624 (6).) An accused, therefore, cannot escape the penal provision of The Vehicle Code by showing that he has taken the necessary steps to have his operating privilege restored. . . . The act of driving while under suspension is malum prohibitum and extenuating circumstances cannot be considered."

Judgment affirmed.