## FRED v. DISTRICT OF COLUMBIA.

Court of Appeals of District of Columbia.
Submitted May 8, 1929. Decided
June 3, 1929.

Motion to Recall and Stay Mandate Granted.
June 13, 1929.

No. 4916.

George F. Havell and S. McComas Hawken, both of Washington, D. C., for plaintiff in error.

W. W. Bride and Edward W. Thomas, both of Washington, D. C., for the District of Columbia.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

ROBB, Associate Justice. In 1926 plaintiff in error was a resident of the District and the holder of a District permit to operate a motor vehicle. On December 15th of that year the permit was revoked.

In April of 1928 he became a bona fide resident of the state of Virginia. In August of that year there was regularly issued to him in that state a motor vehicle registration card entitling him to operate a motor vehicle in the state of Virginia. In addition to this registration card, the Virginia authorities also issued to him automobile license tags for his machine. In September, following, and while the Virginia operator's permit was in force, and while he was temporarily in the District of Columbia and driving the automobile equipped with Virginia tags, he was arrested and charged with driving a motor vehicle in the District "during the period for which his operator's permit to drive a motor vehicle in the District of Columbia had been revoked and suspended by the Director of Traffic." He was subsequently tried and convicted.

In King v. District of Columbia, 51 App. D. C. 160, 277 F. 562, King, after his District permit to operate an automobile had been revoked, became a resident of the state of Virginia, and there obtained a driver's permit and registration tags. He was subsequently arrested in the District and charged with driving an automobile without a permit. The Act of March 3, 1917 (39 Stat. 1004, 1012), provided "that motor vehicles, owned or operated by persons not legal residents of the District of Columbia but who shall have complied with the laws of the State of their legal residence requiring the registration of motor vehicles or licensing of operators thereof * * * shall not be required to be licensed or registered * * * under the laws and regulations of the District if the State in which the owner or operator of such motor vehicle has his legal residence extends the same privilege to the motor vehicles owned or operated by legal residents of the District of Columbia." It appeared that the state of Virginia extended the same privilege to motor vehicles owned or operated by legal residents of the District.

The court said: "It appears, then, that at the time of defendant's arrest there was an agreement between the District and Virginia providing that a person entitled to operate a motor vehicle in Virginia was entitled to operate one in the District without having a District driver's permit. The argument of counsel for the District seems to be that this agreement was not authorized by the act of

Congress, for they say that *the only question involved is whether or not the act authorized the operation of a motor vehicle in the District by a nonresident whose District operator's permit had been revoked.* The agreement does not exclude such a person from its protection. Nothing is said therein about a nonresident whose permit had been revoked. It provides broadly that any one legally entitled to operate a motor vehicle in Virginia is entitled to do so in the District without a District driver's permit, so long as that State extends the same privilege to residents of the District. King came squarely within the agreement, and if it is valid he was wrongfully convicted." (Italics ours.)

The court found that, although the statute was inartificially drawn, the agreement between the District and the state expressed correctly its meaning, and that it was not necessary to "license the operator" or "register the vehicle." The judgment of conviction was therefore reversed.

The opinion in the King Case was rendered in 1921. Subsequently there was enacted the Traffic Act of March 3, 1925 (43 Stat. 1119), which was amended by the Act of July 3, 1926 (44 Stat. pt. 2, p. 812). Section 8 of the Act of 1925 provides that "the owner or operator of any motor vehicle who is not a legal resident of the District, and who has complied with the laws of any State, * * * in respect of the registration of motor vehicles and the licensing of operators thereof, shall, subject to the provisions of this section, be exempt from compliance with section 7 [requiring District operators' permits] and with any provision of law or regulation requiring the registration of motor vehicles or the display of identification tags in the District." The section charges the Director of Traffic with the duty of ascertaining whether a similar privilege is extended to legal residents of the District in such states, and to cause his findings to be promulgated. This he has done.

It thus appears that the act of 1925 removed the ambiguity which the court in the King Case found to exist in the act of 1917, and expressly relieved the nonresident owner or operator of a motor vehicle, who has complied with the laws of his state respecting registration and operators' licenses, from either registering his vehicle here or obtaining a local operator's permit, provided only that similar privileges are extended to residents of the District in that state.

As observed in the King Case, "we may say that our holding does not relieve a nonresident operator of amenability to valid traffic regulations. If guilty of negligence or other infraction of the law, he may be punished." See section 13 (c), Act of 1925.

The decision in the King Case is squarely in point, and decisive of the issue here.

The judgment is reversed, with costs, and the cause remanded.

Reversed.