## Commonwealth *v.* Ungar, Appellant.

Argued March 9, 1959.  Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*J. Boyd Landis,* with him *Landis and McIntosh,* for appellant.

*Harold S. Irwin, Jr.,* Assistant District Attorney, with him *Clinton R. Weidner,* District Attorney, for appellee.

OPINION BY GUNTHER, J., June 10, 1959:

William S. Ungar has appealed his conviction for violation of section 620(h) of The Vehicle Code, 75 P.S. section 231, which prohibits the operation of any motor vehicle upon the highways after operating privileges have been suspended or revoked and before such operating privilege has been reinstated.

The facts are not in dispute. Defendant's operating privilege was suspended by the Secretary of Revenue on February 5, 1957 and was not restored until June 6, 1958. On May 30, 1958, he was apprehended driving his vehicle upon the highways of this Commonwealth. Previous to May 30, 1958, defendant submitted to the Secretary of Revenue all the necessary documents upon which the Secretary reinstated his privilege to operate a vehicle. When the case was called for trial, he attempted to show that he had done everything necessary in order to justify the Secretary of Revenue to reinstate his licenses. The court below refused to allow such testimony as an extenuating circumstance under which he operated his motor vehicle at the time of the arrest.

The operation of a motor vehicle upon the highways of this Commonwealth is not a matter of right but is

a matter of privilege. When that privilege has been suspended, it is not automatically restored either by the passage of time or the performance of some mandatory act. An operator must himself take affirmative steps to have his privilege to drive reinstated but, having taken those steps, he cannot be permitted to drive until the Secretary of Revenue has taken some affirmative action to restore the privilege. Both are necessary to again exercise the privilege and to obviate the plain provision of section 620(h) of The Vehicle Code. An accused, therefore, cannot escape the penal provision of The Vehicle Code by showing that he has taken the necessary steps to have his operating privilege restored. Neither can he offer such testimony as an extenuating circumstance in the performance of the prohibited act. As we have stated in *Commonwealth v. Healey,* 149 Pa. Superior Ct. 497, 27 A. 2d 557: "By his own admission defendant did that which the statute declares to be unlawful and a misdemeanor. The offered testimony was not relevant for a determination of a violation under section 620." The act of driving while under suspension is *malum prohibitum* and extenuating circumstances cannot be considered.

Judgment is affirmed.