**Jimmy J. ABBOTT, Appellant,**

v.

**DISTRICT OF COLUMBIA, Appellee.**

No. 2407.

Municipal Court of Appeals for the
District of Columbia.

Submitted June 22, 1959.

Decided Sept. 18, 1959.

Gilbert R. Giordano, Washington, D. C., for appellant.

Chester H. Gray, Corp. Counsel, Milton D. Korman, Principal Asst. Corp. Counsel, Hubert B. Pair and Ted D. Kuemmerling, Asst. Corp. Counsel, Washington, D. C., were on the brief, for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

Appellant was convicted of operating a motor vehicle during a period for which his operator's permit had been revoked. His chief contention on this appeal is that his permit had been invalidly revoked.

From the evidence it appears that on May 27, 1958, appellant was served with notice of revocation of his permit because of accumulation of points under the Point System.[1] Within the time allowed he filed application for hearing. The record is confusing as to what followed. Attempts were made to notify appellant of a hearing date, but it is apparent that no hearing was had, and on August 7, 1958, appellant was personally served with an official order of revocation. The order notified him that at his request the order was subject to review by the Director of Motor Vehicles within five days from receipt of the order. No such request was made, but on November 28, 1958, appellant filed application for a hearing. This application was rejected on December 3, 1958. On January 31, 1959, appellant was arrested and charged with driving on a revoked permit.

It is appellant's contention that because he was never afforded a hearing on the revocation, the revocation order was invalid and consequently his conviction cannot stand.

As we view the case, appellant when charged in Traffic Court sought to make a collateral attack on the order of the Director of Motor Vehicles, and this cannot be done. The Traffic Court is not

---

1. The operation of the Point System and the procedure for appealing an order of suspension or revocation are discussed in some detail in Chappelle v. Board of Commissioners, D.C.Mun.App., 110 A.2d 697, and Ritch v. Director of Vehicles and Traffic, D.C.Mun.App., 124 A.2d 301.

empowered to review the orders of the Director of Motor Vehicles. Other methods are provided for such review. Appellant's permit had been revoked and he was aware of the revocation. If he felt there was some invalidity in the proceeding he should have taken the steps provided by law to correct it. He had no right to continue to operate a vehicle until apprehended and then make a belated attack on the revocation order. His permit had been revoked, he continued to drive, and was properly convicted. Cf. Commonwealth v. Ungar, 190 Pa.Super. 43, 151 A.2d 782.

Affirmed