**Jerry L. BROWN, Appellant,**

v.

**DISTRICT OF COLUMBIA, Appellee.**

**No. 2672.**

Municipal Court of Appeals for the District of Columbia.

Argued Jan. 9, 1961.

Decided May 19, 1961.

Rehearing Denied June 5, 1961.

---

926

John McDaniel, Washington, D. C., for appellant.

John R. Hess, Asst. Corp. Counsel, Washington, D. C., with whom Chester H. Gray, Corp. Counsel, Milton D. Korman, Principal Asst. Corp. Counsel, and Hubert B. Pair, Asst. Corp. Counsel, Washington, D. C., were on the brief, for appellee.

Before HOOD and QUINN, Associate Judges, and CAYTON (Chief Judge, retired) sitting by designation under Code, § 11–776(b).

HOOD, Associate Judge.

Appellant was tried before a jury and found guilty of driving a motor vehicle in the District of Columbia during a period in which his operating privilege was suspended.[1]

The evidence presented at trial revealed that on January 29, 1960, appellant drove an automobile that failed to display a current District of Columbia inspection stick-er. He was stopped by a Metropolitan policeman who asked to see his driver's permit. Though appellant testified he exhibited a permit,[2] the policeman stated that appellant had no permit and was consequently taken to a police station. According to the officer it was then discovered that appellant's operating privilege had been suspended for twenty days on December 29, 1959, and his permit was still in the custody of the Permit Control Section of the Department of Vehicles and Traffic. The records of the Permit Control Section were admitted into evidence, showing that appellant's driving privilege was suspended on December 29, 1959, for an accumulation of 8 points under the District's "Point System," and was officially restored on February 1, 1960, three days after his arrest.

In attacking the validity of his conviction appellant argues that suspension of an operating privilege is limited by law to a set period of time, at the expiration of which the privilege is automatically restored to the party without any official action on the part of the Department of Vehicles and Traffic. Therefore, appellant reasons, he could not have been lawfully charged with driving while his permit was suspended since the suspension period of twenty days commenced on December 29, 1959, and ended prior to January 29, 1960, the arrest date.

As is evident from the statement of appellant's argument, he really claims that the Department of Vehicles and Traffic had no authority to extend his suspension period beyond twenty days by forbidding him to drive until his privilege had been officially restored.[3] There might be some validity to appellant's argument if a suspension under

1. Code 1951, 40–302(d).

2. This permit, appellant testified, was given to him by an unidentified female employee of the Department of Vehicles and Traffic on January 22, 1960. He also stated that the employee told him the permit was "usable."

3. The Permit Control Section notified appellant of his suspension in a letter that warned him that "the suspension shall remain in effect, and under no condition are you to operate a motor vehicle in the District of Columbia, *until you have been officially restored* and have in your possession a valid District of Columbia Motor Vehicle Operator's permit." (Emphasis added.)

the District's "Point System" were designed as a punishment of a delinquent driver. But, as we have pointed out in Glenn v. Commissioners of District of Columbia, D.C.Mun.App., 146 A.2d 575, 576, such a suspension "is not to punish offending drivers but to protect the public." Since traffic safety is its paramount concern the Department of Vehicles and Traffic may lawfully require the offending motorist to await an official restoration of his operating privilege before he resumes driving in the District of Columbia. See Commonwealth v. Ungar, 190 Pa.Super. 43, 151 A.2d 782.

It is not unreasonable to require that one whose permit has been lawfully suspended shall take some affirmative action to effect its restoration. Had appellant promptly applied for restoration of his permit at the end of the suspension period, we have no doubt it would have been promptly restored to him.

Affirmed.