## Commonwealth v. Stodder

*Jules Bell,* for Commonwealth.
*Anthony J. Giangiulio,* for defendant.

QUINLAN, J., February 9, 1962.—Arthur H. Stodder, through his attorney, has filed a motion in arrest of judgment, seeking to set aside his conviction for violation of section 624 (6) of The Vehicle Code of April 29, 1959, P. L. 58, 75 PS §624 (6), which prohibits the operation of any motor vehicle upon the highways after operating privileges have been suspended or revoked and before such operating privilege has been reinstated.

The facts are not in dispute. Defendant's operating privilege was revoked by the Secretary of Revenue on June 26, 1958, as a result of a plea of guilty in Chester County in the early part of 1958 on the charge of

operating under the influence. Defendant surrendered his Pennsylvania operator's license to the Secretary of Revenue, and thereafter, defendant, in the fall of 1958, sold his home in Rosemont, Montgomery County, and moved to Milwaukee, Wisconsin, where he resided until March of 1960, at which time he returned to the Commonwealth of Pennsylvania and established a residence in Lower Merion Township, Montgomery County. Defendant, having moved back to the Commonwealth some 22 months after his revocation became effective, proceeded to operate a motor vehicle without a Pennsylvania license on June 28, 1961, which was approximately 15 months after he had moved back into the State of Pennsylvania, and on such date he was stopped by an officer of the Pennsylvania State Police on the expressway in Upper Merion Township and subsequently, on August 12, 1961, defendant was charged with violation of section 624 (6) of The Vehicle Code of 1959, with having operated a motor vehicle after revocation or suspension. Defendant waived a hearing before the justice of the peace and this matter became before the writer of this opinion for a hearing without a jury, on Monday, December 11, 1961, and after extensive argument on the legal issues involved, the court found defendant guilty and suggested that a motion in arrest of judgment be filed, in order that the court en banc could consider the legal question involved. The case has been argued and is now before us for decision.

Section 624 of The Vehicle Code of 1959 provides as follows:

"It shall be unlawful for any person to commit any of the following acts: . . .

"(6) To operate any motor vehicle or tractor upon the highways of this Commonwealth after the operating privilege is suspended or revoked and before such operating privilege has been reinstated."

The first inquiry goes into the question of what is necessary for restoration of an operating privilege. There is no question in this case that defendant's operating privileges were in fact revoked. Section 616 (a) of The Vehicle Code provides, inter alia, that the Secretary of Revenue shall revoke the operating privileges of any person convicted of operating under the influence of intoxicating beverages for a period of one year and such operating privileges shall not be restored "unless and until the fine and costs, imposed in such cases, have been fully paid". Defendant testified that the fine and costs were in fact paid and, therefore, the first necessary step towards restoration was complied with by defendant.

Section 1429, subsec. 1, of The Vehicle Code of April 29, 1959, P. L. 58, 75 PS §1429, provides, inter alia, that upon request, the Secretary of Revenue shall waive the requirement of filing proof of financial responsibility if at any time after three years from the time such proof was required, the operator has not been convicted of any suspendable or revokable offense under the provisions of The Vehicle Code. There is nothing in this record which would indicate that any such conviction ever occurred during the three year period of time. Defendant in this case was convicted for a violation which occurred three years and two days after the revocation became effective. Counsel for defendant contends that he is not guilty of the offense charged by the Commonwealth, which is a misdemeanor, but that he was merely guilty of operating without a license which is a matter of summary conviction and punished with a small fine.

The Commonwealth, in effect, takes the position that a resident must do something affirmatively in order to be able to operate a vehicle in the Commonwealth of Pennsylvania after revocation: Commonwealth v. Ungar, 190 Pa. Superior Ct. 43; Commonwealth v.

Krupa, 40 D. & C. 572; Commonwealth v. Gernert, 33 D. & C. 620.

On October 26, 1934, this court decided the case of Commonwealth v. Ivans, June term 1934, no. 83. In that case, defendant Ivans was indicted under the former section 620 (h) of The Vehicle Code, which was the predecessor of section 624 (6). There defendant had his operating privilege suspended for one year, and was charged with operating in violation of the section above-cited, some two years after the suspension period had expired. This court held: "If our interpretation of the statute is correct, we come to the conclusion, that the period of suspension having expired before July 1934, defendant could not be indicted under paragraph (h) of §620 for having driven an automobile in that month. He is unquestionably guilty of a violation of §601 of the Act of 1929, which makes it unlawful to operate a motor vehicle without a license, but he is not guilty of the misdemeanor charged by the Commonwealth."

Thereafter, in 1941, in the case of Commonwealth v. Krupa, supra, the former President Judge Knight distinguished the Ivans case on the ground that the former section 620 (h) of The Vehicle Code had been amended by the legislature in 1937 by providing as follows:

" 'It shall be unlawful for any person to commit any of the following acts . . .

" '(h) To operate any motor vehicle upon the highways of this Commonwealth, after the operating privilege is suspended or revoked, *and before such operating privilege has been reinstated.*' " (Italics supplied.)

Judge Knight stated that: "The words 'and before such operating privilege has been reinstated' are additional", and he interpretated the amendment to mean:

". . . that the legislature intended that some affirmative act must be done by the Secretary of Revenue, in restoring the operating privilege. It follows that, after the operating privilege is suspended or revoked, it must be restored before an operator may drive a motor vehicle without violating section 620 (h) above-quoted".

The evidence in the Krupa case shows that defendant had his license suspended for 30 days on February 10, 1938. He did not apply for a license in 1939 or 1940 and was arrested on November 20, 1940, while operating a truck. As stated by Judge Knight, "The operating privilege of defendant was not automatically restored to him after the expiration of the 30-day suspension in February 1938. It was his duty to have his operating privilege reinstated if he desired to drive a motor vehicle, and the Secretary of Revenue could have required proof of financial responsibility before reinstating the operating privilege." Judge Knight concluded, in amending section 620 (h) in 1937, the legislature intended: ". . . that anyone operating a motor vehicle after his operating privilege had been suspended, or revoked, and not reinstated, should be guilty of a misdemeanor, regardless of the fact that the suspension or revocation period may have expired."

Counsel for defendant makes the argument that the purpose of placing an affirmative duty of reinstating one's license after suspension is to require the driver to prove compliance with section 1429 of The Vehicle Code of April 29, 1959, P. L. 58, 75 PS §1429, which act provides, inter alia, as follows:

"The secretary shall, upon request, consent to the immediate cancellation of any bond or certificate of insurance, or the secretary shall direct, and the State Treasurer shall return to the person entitled thereto, any money or securities deposited pursuant to this article as proof of financial responsibility, or the secre-

tary shall waive the requirement of filing proof in any of the following events:

"(1) At any time after three (3) years from the date such proof was required, when during the three-year period preceding the request, the secretary has not received record of a conviction or a forfeiture of bail which would require or permit the suspension or revocation of the license . . ."

Counsel for defendant contends that the requirement of filing proof of financial responsibility is automatically ended at the expiration of the three year period whether or not the secretary actually waives the requirement in a particular case and that, therefore, the offense in the particular case having taken place three years and two days after the revocation became effective, defendant did not have an affirmative duty to file proof of financial responsibility and, therefore, did not have an affirmative duty to have his license reinstated. He, therefore, concludes that defendant could only be guilty of violating section 601 of the code, which is operating without a Pennsylvania operator's license. We can not agree. The statute by its very wording requires the defendant *to request* the waiver of proof of financial responsibility. Moreover, it seems clear that the legislature intended to place those whose operating privileges had been suspended or revoked in a different class from those who never lost their operating privileges through suspension: Commonwealth v. Krupa, supra.

The operating privilege of defendant was not automatically restored to him after the expiration of the one year period and it seems clear that under section 1429, supra, it was incumbent upon him to request the Secretary of Revenue to waive the requirements of filing proof of financial responsibility.

"The operation of a motor vehicle upon the highways of this Commonwealth is not a matter of right

but is a matter of privilege. When that privilege has been suspended, it is not automatically restored either by the passage of time or the performance of some mandatory act. An operator must himself take affirmative steps to have his privilege to drive reinstated . . ." Commonwealth v. Ungar, supra. In the instant case, defendant, by his own admission, had moved back to the State of Pennsylvania some 15 months prior to the violation and had never taken any such affirmative steps to have his license reinstated. It follows that defendant was properly found guilty.

### Order

And now, February 9, 1962, the motion in arrest of judgement is overruled, defendant is directed to appear in court room "C" on Friday, February 23, 1962, at 9:30 a.m. to receive the sentence of the court.