DONALD B. TYRRELL, PLAINTIFF IN ERROR, V. STATE OF NEBRASKA, DEFENDANT IN ERROR.

115 N. W. 2d 459

Filed June 1, 1962. No. 35153.

*John R. Doyle,* for plaintiff in error.

*Ralph D. Nelson* and *Jerry L. Snyder,* for defendant in error.

Heard before SIMMONS, C. J., CARTER, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ., and CHADDERDON, District Judge.

YEAGER, J.

This is an action originally instituted in the municipal court of the city of Lincoln, Nebraska, in the name of the State of Nebraska against Donald B. Tyrrell, charging that Donald B. Tyrrell did on January 1, 1961, within the corporate limits of the city of Lincoln, unlawfully operate a motor vehicle while his driver's license was under suspension and prior to its reinstatement.

Tyrrell was designated as defendant and although here he is designated as plaintiff in error he will be referred to herein as the defendant. The State is defendant in error but herein it will be referred to as the State.

The defendant was tried on the charge, convicted, sentenced to be imprisoned in the city jail for 30 days, and ordered to refrain from the operation of a motor vehicle for the period of 1 year from the date of final discharge from jail.

From the judgment of the municipal court the defendant appealed to the district court where a trial was had to a jury on the charge. In the district court the conviction was affirmed.

From the judgment of the district court the defendant has brought the case to this court for review by proceedings in error. A reversal is sought here based on four assignments of error. Their substance is as follows: The court erred in separately overruling six motions for mistrial; the court erred in overruling the defendant's motion for new trial; the court erred in receiving evidence offered of a conviction of the defendant of a separate offense not related to the offense for which the defendant was on trial; and the court erred in receiving evidence of the suspension of the driver's license of defendant without proper identification.

The first and third of the assignments of error pertain in general to one subject, and therefore will not receive separate consideration. They both relate to the question of whether or not the defendant was entitled to have a mistrial declared on account of, as the defendant insists, improper references made to and evidence adduced concerning another offense not related to the offense for which the defendant was being tried.

First, it is asserted that in the opening statement such an improper reference was made. No record of the literal statement or of sufficient of its substance was presented to reasonably inform as to its content, hence

there is nothing to justify a conclusion that error was involved.

Second, as has been noted, the defendant was being tried for driving an automobile while his license was under suspension. The State, of course, as a part of its case, was under the burden of showing license suspension. The particular complaints are that the proof which demonstrated the suspension which was the basis of the charge on which the defendant was being tried was inadmissible, and because of its admission a mistrial should have been declared. The contention is without merit.

The controlling rule is stated in Clark v. State, 102 Neb. 728, 169 N. W. 271, as follows: "To make evidence of other acts available in a criminal prosecution, some use for it must be found as evidencing a conspiracy, knowledge, design, disposition, plan, or scheme; or other quality, which is of itself evidence bearing upon the particular act charged." See, also, Smith v. Smith, 169 Neb. 199, 99 N. W. 2d 8.

In truth after this evidence was adduced and the motions made and ruled upon, the defendant took the stand and gave testimony, which fully verified the evidence in this area to which the motions for mistrial had been directed. Furthermore, it may be said without reservation that the testimony of the defendant without equivocation sustained every element of the charge upon which he was tried. The evidence in this respect was elicited in part on his direct examination and in part on cross-examination, and it went in without objection or exception.

This situation falls within the rule that a party is ordinarily estopped from asserting error on account of the erroneous admission of evidence where he subsequently elicits similar evidence on the same subject. See Sump v. Omaha Public Power Dist., 168 Neb. 120, 95 N. W. 2d 209.

By the fourth assignment of error an attack is made

upon the propriety of the admission in evidence of a purported order of the Director of the Department of Motor Vehicles showing the suspension of the driver's license of defendant. The assignment attacks in particular the order of suspension, but the presentation actually attacks only the foundation for the evidence of the suspension.

Without recitation of detail and without necessity for such recitation, it is stated that here involved was the identity of two exhibits. There was no evidence by which they were sufficiently identified for admission in proof of the charge against the defendant and on objection, which was made, they should not have been received.

This however may not now be regarded as of consequence. The very thing which the State sought to prove by this evidence was proved by the evidence freely and voluntarily adduced by the defendant. Here was error, but it must be regarded as being without prejudice.

The second assignment of error, which challenges the propriety of the ruling on the motion for new trial, calls attention to nothing which has not been considered in disposition of the other three. It will therefore receive no further comment.

In case it shall be urged that the 6-month suspension of the license of the defendant had expired by its terms and for that reason the conviction was invalid, it is pointed out that the right to operate a motor vehicle after suspension is not restored by mere lapse of time. The right to operate thereafter depends upon the receipt of a new license. See § 60-418, R. R. S. 1943.

For the reasons herein stated the judgment of the district court is affirmed.

AFFIRMED.