**Robert W. RICKARD, Appellant,**

**v.**

**DISTRICT OF COLUMBIA, Appellee.**

**No. 3743.**

District of Columbia Court of Appeals.

Argued Oct. 11, 1965.

Decided Nov. 24, 1965.

Blaine P. Friedlander, Washington, D. C., with whom Mark P. Friedlander, Mark P. Friedlander, Jr., Washington, D. C., and Harry P. Friedlander, Arlington, Va. were on the brief, for appellant.

Ted D. Kuemmerling, Asst. Corp. Counsel, with whom Chester H. Gray, Corp. Counsel, Milton D. Korman, Principal Asst. Corp. Counsel, and Hubert B. Pair, Asst. Corp. Counsel, were on the brief, for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

HOOD, Chief Judge:

In December 1961, appellant's operator's permit with its accompanying privilege to drive in the District of Columbia was revoked. He later moved to Virginia and as a Virginia resident obtained a valid Virginia operator's permit. In January 1965 appellant was arrested in the District of Columbia and charged with speeding and with operating a motor vehicle while his privilege to drive in the District of Columbia was revoked. The speeding charge was nol-prossed but appellant was found guilty of the driving while revoked charge.

Appellant contends that the above facts do not support a judgment of guilty because he was lawfully operating a motor vehicle in the District of Columbia under the reciprocal benefits conferred upon nonresident operators pursuant to D.C.Code 1961, § 40–303. This same argument was considered and denied validity by the Supreme Court in District of Columbia v. Fred, 281 U.S. 49, 50 S.Ct. 163, 74 L.Ed. 694 (1930), reversing Fred v. District of Columbia, 59 App.D.C. 79, 33 F.2d 375 (1929), which construed the statutory pred-

ecessors of D.C.Code 1961, §§ 40–301, 40–302, 40–303. Section 40–301 authorizes the issuance of a motor vehicle operator's permit, valid for three years, to anyone sixteen or older who is deemed qualified to drive without jeopardizing the safety of individuals or property. Section 40–302 confers not only the power to revoke a District of Columbia permit but also the power to revoke the privilege of one driving in the District of Columbia under a nonresident permit. As Fred indicated, whether one is a resident or a nonresident, the intent of the revocation statute is the same, namely, to remove the privilege to drive in the District of Columbia. The same punishment is prescribed for continuing to operate a vehicle in the District after either type of revocation.[1] Section 40–303 provides that a nonresident licensed to drive in the state of his residence may operate a motor vehicle in the District of Columbia without complying with our licensing requirements if a similar privilege is accorded by his state to licensed District of Columbia drivers. This reciprocal agreement statute gives an equivalent right but this does not mean an additional right. Such a statute is "not intended to be, and cannot be, used as a back door means of obtaining restoration of a suspended license." State v. Roy, 23 Conn.Sup. 26, 176 A.2d 66 (1961).

█ Appellant argues that the facts in the Fred case are distinguishable from the instant case where the period between revocation in 1961 and apprehension in 1965 is greater than the three-year period for which a District of Columbia permit is validly issued. He contends that the revocation expired with the expiration of his District of Columbia permit. We do not read the Fred decision to have so limited a holding, and we find clear authority to the contrary. People v. Lopez, 143 Colo. 523,

354 P.2d 491 (1960), specifically held that revocation of a license to drive does not expire at the time the license itself would expire. Until the privilege of operating has been officially restored by the revoking authority a privilege previousiy revoked remains revoked. See Brown v. District of Columbia, D.C.Mun.App., 170 A.2d 925 (1961); Tyrrell v. State, 173 Neb. 859, 115 N.W.2d 459 (1962); Commonwealth v. Unger, 190 Pa.Super. 43, 151 A.2d 782 (1959).

█ The official notice of revocation informed appellant that he could not again operate a motor vehicle in the District of Columbia until after some affirmative action on his part followed by official action by the Department of Motor Vehicles.[2] This is a reasonable requirement as the purpose of the revocation procedure "is not to punish offending drivers but to protect the public." Brown v. District of Columbia, supra.

Affirmed.

---

1. D.C.Code 1961, § 40–302(d).

2. The revocation notice warned appellant that "the revocation shall remain in effect, and *under no condition* are you to operate a motor vehicle in the District of Columbia, until you have been officially released and you have in your possession a valid District of Columbia Motor Vehicle Operator's permit." (Emphasis added).