## Commonwealth v. Robb

*George E. James*, for Commonwealth.

*Charles F. Bowers, Jr.*, for defendant.

ROWLEY, J., April 15, 1968.—Defendant was found guilty, after a trial before the court without a jury,

of operating a motor vehicle during suspension of his operator's privelege in violation of section 624 (6) of The Vehicle Code, 75 PS §624 (6), as amended. Before us for disposition is his motion in arrest of judgment.

Defendant has never applied for, or been granted, the privilege to operate a motor vehicle. On June 24, 1964, while operating a motor vehicle, he was involved in an accident. As a result of that violation, his privilege to apply for a Pennsylvania operator's license or a learner's permit, was suspended on December 18, 1964, for a period of one year. His present offense involves the operation of a motor vehicle on December 17, 1966.

Defendant argues that the one year suspension expired on December 18, 1965, and since the present offense occurred on December 17, 1966, he cannot be guilty of violating section 624 (6).

Prior to 1963, section 624 (6) read as follows:

"Section 624. It shall be unlawful for any person to commit any of the following acts: . . .

"(6) To operate any motor vehicle or tractor upon the highways of this Commonwealth after the operating privilege is suspended or revoked and before such operating privilege has been reinstated".

Defendant concedes that, as then written, the word "operating privilege" included the privilege to apply for an operator's license or learner's permit, and he further concedes that a defendant was guilty of a violation of the section as then written even though the period of suspension had expired, if in fact he had not obtained a license or learner's permit: Commonwealth v. Matecko, 71 D. & C. 563.

The section was amended, however, in 1963 by the General Assembly as follows:

"(6) To operate any motor vehicle or tractor upon the highways of this commonwealth after the operating privilege is suspended or revoked *or after the*

*privilege to apply for an operator's license or learner's permit is suspended* and before such operating privilege *or right to apply for an operator's license or learner's permit* has been reinstated".

Defendant argues that this amendment, which consisted of adding the words which are underlined, changed the law as it relates to the privilege to apply for an operator's license or learner's permit. He relies upon the well-established principle that a change of language in a statute, by amendment, indicates a change of legislative intent. He contends that the right to apply for a license or a permit is reinstated automatically upon the expiration of the suspension period and therefore he cannot be guilty of violating the section as now written.

We are not convinced that the Legislature intended to make any change in the law as it existed prior to the 1963 amendment. On the contrary it appears to us that the sole purpose of the amendment by the Legislature was to conform the section to the law as it had been judicially interpreted prior to the amendment: Commonwealth v. Matecko, supra. We are of the opinion that defendant in this case is in no different a position than a defendant who had a license which had been suspended and then drives an automobile after the period of suspension, but before his operating privilege has been reinstated. The law is clear that such a privilege is not automatically restored. Moreover, an operator must take affirmative steps to have the privilege restored and the Secretary of Revenue must take some affirmative action to restore the privilege: Commonwealth v. Ungar, 190 Pa. Superior Ct. 43 (1959). In this case there is no evidence that either the defendant or the Secretary of Revenue took any affirmative action relative to defendant's privilege to apply for a permit. We do not believe that the privilege is automatically restored

as defendant contends. Section 1408 of The Vehicle Code provides that if the operator of a motor vehicle is involved in an accident and has no license, he shall not be allowed a license or registration until he has complied with the requirements of article XIV to the same extent that it would be necessary if he had had at the time of the accident a license: 75 PS §1408. There is no evidence whatsoever in the record before us to indicate that defendant, in any way, took any steps to comply with any of the provisions of article 14 of The Vehicle Code, or to have his privilege to apply for a learner's permit reinstated.

For the foregoing reasons, we make the following

ORDER

Now, April 15, 1968, defendant's motion in arrest of judgment is denied. It is ordered and directed that defendant appear before the court on April 24, 1968, at 9:15 a.m. for sentence.