## Commonwealth v. Black

*Edward M. Bell,* District Attorney, for Commonwealth.

*Michael J. Wherry,* for defendant.

STRANAHAN, P. J., November 6, 1969.—Defendant was tried for the misdemeanor of operating a motor vehicle during suspension and was found guilty by the jury of that offense.

There is no question that defendant was operating a motor vehicle on a public highway at the time of his arrest. The sole question appears to be a procedural

one as to whether defendant had been properly notified of the fact that his operating privileges were in a state of suspension.

At the time of trial, the Commonwealth offered in evidence a certification by the Department of Revenue, Bureau of Traffic Safety, dated September 27, 1968, which contained various papers dealing with the record of defendant as far as his driving was concerned. A part of this record would indicate that on April 6, 1966, defendant's operating privileges had been suspended for three months and had not been restored.

It further appears that a suspension of one year from July 6, 1966, had been imposed for operating during suspension, and that the privilege of operating a motor vehicle had not been restored. The final notation would indicate that there was a suspension on November 10, 1967, for one year for operating during suspension and that the privileges had not been restored as the result of this suspension.

Defendant apparently has never had a license because he can't read. It does appear, however, that in 1967 he had moved to Wichita Falls, and that he had obtained a Texas driver's license. This license was good for three years. The evidence does indicate, however, that at the time of his arrest defendant had been in the Commonwealth of Pennsylvania for more than 30 days, which would require him to obtain a Pennsylvania license. In addition to that, the suspension of privileges in Pennsylvania is not cured by going to another State and obtaining a license. The privilege to drive in Pennsylvania remains suspended until such a suspension is lifted.

In Commonwealth v. Ungar, 190 Pa. Superior Ct. 43, the court holds, page 45:

"An operator must himself take affirmative steps to have his privilege to drive reinstated  . . ."

It is defendant's contention that he did not receive the suspension notice of November 10, 1967, and, therefore, he could not be arrested for driving during suspension.

The Commonwealth introduced as an exhibit in this case the certification from the Department of Revenue, which indicates, among other things, that the operating privilege of defendant was suspended on July 6, 1966, and had never been restored because financial responsibility was required, and further indicates that it was again suspended on November 10, 1967, and not restored for the reason that financial responsibility was required. Such information is admissible into evidence under 28 PS §110, which permits a certification of the licensure status of an individual to be shown from the official records.

It is admitted by defendant that he did receive the notice of suspension of July 6, 1966. At that time, the Department of Revenue was sending mail by registered mail, and a photostatic copy of the return receipt is attached to the record. Since that time, the use of registered mail has been discontinued, and the suspension of November 10, 1967, was apparently not sent by registered mail. The copy of the notice of suspension of November 1967 contains the information that it was mailed on November 1, 1967.

We hold that when a defendant's operating privileges have been suspended, the suspension continues until such privileges are restored. Such being the case, the suspension of July 6, 1966, was still in effect, and it matters not whether defendant received the notice of suspension of November 10, 1967, which amounted to nothing more than an additional suspension. It is, therefore, obvious that defendant was operating his motor vehicle while his operator's privileges were suspended, and that he had notice of that fact.

It also appears to this court that where the records

show that a notice has been mailed, such information carries with it the inference that it was properly stamped and deposited in the mail. It is admitted that the presumption of mailing normally arises when there is evidence that the letter was deposited in the mail box properly addressed and postage prepaid.

In Schomburg Suspension, 11 Lebanon 387, the court holds that when there is testimony that a letter was "mailed," it will be inferred that it was deposited in the mail with proper postage. Rules of evidence are based on a requirement that the best method of proving something shall be employed. If the cost of sending registered mail is so prohibitive that it can no longer be used, then the court should not require the Commonwealth of Pennsylvania to do the impossible, but rather must take the most practical approach to the problem.

Where the copy of suspension notice indicates that it was mailed on a particular date, it can be inferred by this that the notice was deposited in the mail and the postage was prepaid. Defendant has the right, of course, to offer testimony to rebut this presumption, but it then becomes a jury question as to whether or not notice was received.

We do not intend to change rules of evidence which have been in existence for numerous years, but we do hold that notice of suspension which contains a date that the notice was mailed raises a presumption that it was deposited in the mail properly stamped.

In the present case, the court submitted this question to the jury and told the jury it was for them to determine whether or not defendant had received the notice.

The record further indicates in this matter that no exception was taken to the charge of the court on this point, so it is doubtful that defendant can now raise it.

We must, therefore, refuse defendant's motions for new trial and in arrest of judgment.

### ORDER

And now, November 6, 1969, defendant's motions for new trial and in arrest of judgment are dismissed.