## Commonwealth v. Zimmerman

*Frederick S. Wolfson,* Assistant District Attorney, for Commonwealth.

*Thomas A. Ehrgood,* for defendant.

MEYER, J., December 8, 1970.—Charles Irwin Zimmerman was convicted by a jury of operating a motor vehicle while his privileges were suspended in violation of section 624(6) of The Vehicle Code of April 29, 1959, P. L. 58, 75 PS §624. Defendant has filed a motion in arrest of judgment, contending that he was improperly charged and convicted and that the proper charge, if any, should have been under section 1432 of The Vehicle Code.

The facts are not disputed. Zimmerman's operating privileges were suspended July 9, 1964, for a period of one year as a result of a speeding conviction and his

privileges have not been restored. Again on May 5, 1965, Zimmerman's privileges were suspended for one year for operating during suspension and they were not restored, and his record contains a notation that proof of financial responsibility was a prerequisite to the restoration of his privileges. On October 10, 1965, Zimmerman's privileges were again suspended because he failed to satisfy a judgment or file proof of financial responsibility as a result of an automobile accident. This suspension also has not been restored. On December 18, 1969, Zimmerman was apprehended and charged with violating section 624(6) of The Vehicle Code.

Zimmerman argues that since the last suspension in October of 1965 was the result of failure to satisfy a judgment, he should have been charged under section 1404(b) and that by charging him under section 624(6) he was improperly charged and convicted and, therefore, the motion in arrest of judgment should be granted. This argument, of course, ignores the suspensions in 1964 and 1965 which have not been restored.

However, defendant points to the 1963 amendment to section 624(6) and argues that he had a right to apply for an operator's license as of July 16, 1966, and, therefore, he could not be guilty of operating during suspension under the amendment to The Vehicle Code and at the most could be chargeable with operating without a license. We disagree.

True it is that section 624(6) was amended by the General Assembly in 1963 and now reads as follows:

"(6) To operate any motor vehicle or tractor upon the highways of this Commonwealth after the operating privilege is suspended or revoked or *after the privilege to apply for an operator's license or learner's permit is suspended* and before such operating privi-

lege *or right to apply for an operator's license or learner's permit has been reinstated."* (Italics supplied.)

Defendant would have us interpret the amended code by supporting his contention that Zimmerman's right to apply for a license or a permit is automatically reinstated upon the expiration of the stated period of suspension and, therefore, he cannot be guilty of violating the section of the code as it is now written. We do not believe that the amended provision should thus be interpreted.

It is our opinion that the legislature did not intend to make any change in the law as it existed prior to the 1963 amendment. Under the prior law, a defendant whose operating privileges had not been reinstated by the Secretary of Revenue was guilty of operating during suspension even after the stated period of suspension expired: Commonwealth v. Ungar, 190 Pa. Superior Ct. 43. We are of the opinion that the sole purpose of the amendment by the legislature was to conform the section of the law as it had been judicially interpreted prior to the amendment in those cases where defendant never had an operator's license. Defendants in this category argued, albeit unsuccessfully, that inasmuch as they never had an operator's license, they couldn't be guilty of operating during the period of suspension. This contention was never sanctioned by any courts and those judges who passed upon the issue made a distinction between the operator's license and the privilege to apply for and receive a license. See Commonwealth v. Matecko, 71 D. & C. 563 and Commonwealth v. Robb, 45 D. & C. 2d 305. Now it is evident that not only are licensed operators whose privileges have been suspended within the scope of the prohibited activity but those who were never licensed and whose privilege to apply for a license has been suspended. We conclude then that

this defendant can find no solace in the amended section of The Vehicle Code.

Finally, we dispose of defendant's contention that his right to apply for operating privileges is automatically reinstated upon the expiration of the period of suspension. It has always been the law in this Commonwealth that the operation of a motor vehicle upon its highways is not a matter of right but is a matter of privilege. When that privilege has been suspended, it is not automatically restored either by the passage of time or the performance of some mandatory act. An operator must himself take affirmative steps to have his privileges to drive reinstated but, having taken those steps, he cannot be permitted to drive until the Secretary of Revenue has taken some affirmative action to restore the privilege. Both are necessary to again exercise the privilege and to obviate the plain provision of section 624(6) of The Vehicle Code: Commonwealth v. Ungar, supra.

Therefore, we will make the following

### ORDER

And now, to wit, December 8, 1970, defendant's motion in arrest of judgment is refused. Defendant is ordered to appear before us for sentencing December 29, 1970, at 10 a.m., in Courtroom 1.