## Commonwealth v. Brooks

*Gary M. Gilbert, Assistant District Attorney,* for Commonwealth.

*Morrison B. Williams,* for defendant.

SHADLE, J., September 2, 1971.—Defendant was charged with operating a motor vehicle after his operating privilege had been suspended and before it had been reinstated. He was convicted in a trial before the court without a jury, and has filed this motion in arrest of judgment to permit review of a legal issue raised in the proceedings. Argument was had before the court en banc, and this opinion and order are filed on its behalf.

Defendant's operating privilege was suspended on four occasions, the last of which occurred on August 6, 1969, and was never reinstated after any suspension. On September 26, 1969, he executed an application for

a new license, stating thereon that his operating privilege had never been suspended or revoked. He thereafter took and passed a driver's examination, and on October 20, 1969, a new operator's license was issued to him. He had such a license in his possession when he was arrested on March 30, 1970, for operating a motor vehicle on that date after his operating privilege had been suspended and before it had been reinstated.

Defendant claimed that when he applied for the new license he believed, for no stated reason, that the periods of his prior suspensions had expired, that it was for this reason that he answered in the negative the question in the application as to a prior suspension, that he believed such application was the correct way to regain his operating privilege, and that if he were not, in fact, entitled to a license, one would not be issued to him. Consequently, when he received his new license he believed that he had the right to drive.

Defendant advances two arguments in support of his motion in arrest of judgment. The first is that despite the prior suspension orders and the incorrect answer in his new application, the Commonwealth did, in fact, issue to him a new license which was valid until it was suspended or revoked, and that he, therefore, did have the right to drive.

This contention, while intriguing, does not bear analysis. Section 624 of The Vehicle Code of April 29, 1959, P.L. 58, as amended, 75 PS §624, makes it unlawful to operate (1) after one's operating *privilege* has been suspended, and (2) before it has been reinstated. Both of these elements were present here. Before a suspended operating privilege may be regained, the applicant must take affirmative steps to recover it and the secretary must take affirmative action to restore it: Com. v. Ungar, 190 Pa. Superior Ct. 43 (1959).

Defendant contends that these affirmative steps were

taken by his application for a *new license* and the issuance of such license to him. However, these acts were not to obtain *reinstatement* of a *suspended* privilege, but to secure a new license. Defendant's argument carried to its ultimate conclusion would enable any suspended operator to mislead the secretary into granting him a new license by erroneously stating on the new application that any prior license had not been suspended. Even conceding, for argument, that defendant's answer may have been made in good faith, he cannot by his own error or wrongdoing mislead the Secretary into granting him a new license at a time when his operating privilege was suspended.

The case is similar to that in Fetter License, 42 D. & C. 2d, 292 (Lebanon, 1967). While that case was an appeal from the suspension of an operator's license rather than a conviction for operating under suspension, the court there noted that possession of an out-of-State operator's license did not authorize the driver to operate in Pennsylvania while his operating *privilege* had been suspended and remained unreinstated. By analogy, defendant's possession in this case of an operator's license procured by misrepresentation did not affect the fact that his operating *privilege* still remained suspended and unreinstated.

Defendant's second contention is that even if his new license did not authorize him to drive, the issuance of it to him by the secretary and his belief in its validity deprived him of the criminal intent necessary to support a conviction on the instant charge. He cites Com. v. Wetherall, 77 York Legal Record 118 (1963), which, however, is not in point. It was there held that without giving notice to defendant and an opportunity to him for a hearing on the issue of suspension, the Commonwealth had not proved an effective suspension necessary to support a conviction. The issue of good faith

of defendant or of some type of "estoppel" against the Commonwealth were not there involved.

Commonwealth v. Healey, Jr., 149 Pa. Superior Ct. 497 (1942), and Commonwealth v. Ungar, supra, both held in abrupt and emphatic terms that extenuating circumstances such as those here referred to are not even admissible in evidence to explain why defendant operating a motor vehicle when his operating privilege remained suspended and unreinstated.

In summary, defendant's operating *privilege* had been suspended and remained unreinstated despite the fact that in response to an incorrect answer in an application for a *new license,* such license was erroneously issued to him. This being so, he was properly convicted of the offense charged.

### ORDER

And now, September 2, 1971, defendant's motion in arrest of judgment is overruled and refused, and an exception is noted on his behalf.

Defendant is directed to appear for sentence on Tuesday, October 12, 1971, at 10 a.m., in Court Room No. 1.