## Commonwealth v. Vincent

*Gailey C. Keller,* District Attorney, for Commonwealth.

*Daniel J. Clement,* of *Kury & Kury,* for defendant.

MYERS, P. J., January 5, 1973.—Defendant was charged with operating a motor vehicle in the Commonwealth of Pennsylvania after his operating privileges were suspended and before said operating privileges had been reinstated, allegedly in violation of section 1432 of The Vehicle Code of April 29, 1959, P.L. 58, 75 PS §1432.

Defendant waived his right to trial by jury. The Commonwealth and defendant further agreed to a stipulation of the facts, and the matter is now before the court for adjudication.

The material facts as stipulated are as follows: defendant's operating privileges in Pennsylvania were * revoked for a period of one year, effective May 22, 1970, for violation of section 1037 of The Vehicle Code, driving under the influence of intoxicating liquor. Defendant never applied for reinstatement of

his Pennsylvania operating privileges after the expiration of the one-year revocation period. However, in the meantime, defendant moved to the State of Maryland where he established a bona fide residence and secured a valid Maryland operator's license, as well as valid Maryland automobile registration license tags.

On March 11, 1972, defendant was arrested while operating his motor vehicle in Columbia County, Pa., and charged with violating section 1432 of the code, i.e., operating during suspension or revocation of operating privileges.

Section 603(a) of The Vehicle Code provides that a nonresident who has been duly licensed as an operator in another State and who has a valid operator's license of that State in his immediate possession, shall be permitted to operate a motor vehicle upon the highways of the Commonwealth of Pennsylvania without a Pennsylvania operator's license.

The issue is whether one who was formerly a resident of Pennsylvania and who held a Pennsylvania operator's license which was suspended and not reinstated, and who thereafter becomes a bona fide resident of the State of Maryland, with a valid Maryland operator's license, may lawfully operate a motor vehicle in the Commonwealth of Pennsylvania. To state the question before the court in another way, is one entitled to the protection and privileges as a nonresident of Pennsylvania when his Pennsylvania operating privileges have been suspended and not reinstated?

Our courts have refused to extend section 603(a) to benefit the nonresident of Pennsylvania whose Pennsylvania license has been suspended and not reinstated. In Commonwealth v. Manganaro, 32 D. & C. 2d 778 (1963), the court held that when one's

operating privileges have been suspended or revoked in Pennsylvania, a valid license from another State will not grant to the operator privileges to operate a motor vehicle in Pennsylvania. The United States Supreme Court in District of Columbia v. Fred, 281 U.S. 49 (1930), ruled likewise in the case of a Virginia resident operating a motor vehicle in the District of Columbia during a period that his District of Columbia operator's license was suspended.

Defendant argues that his one-year suspension or revocation in Pennsylvania had long since expired when he was arrested for operating during suspension. Defendant thus attempts to distinguish the Manganaro and Fred cases, supra, on that basis. However, our courts have answered this argument by holding that when one's operating privileges have been suspended or revoked, they are not automatically restored by either the passage of the time of suspension, or by the performance of some mandatory act. *The operator himself* (italics ours) must take affirmative steps to have his operating privileges reinstated, and even then may not drive until the Secretary of Transportation has, in fact, restored the privileges: Commonwealth v. Zimmerman, 51 D. & C. 2d 108 (1970). See also Commonwealth v. Ungar, 190 Pa. Superior Ct. 43 (1959).

In the case at bar, defendant took no such affirmative action.

Defendant attempts to substantiate his inaction by claiming that it is illogical, impractical and unfair to expect one to apply affirmatively to operate a motor vehicle in Pennsylvania temporarily in view of the fact that he had a valid Maryland license. He contends that, in any event, it would be unnecessary that he be granted a Pennsylvania operator's license in view of his possessing a valid Maryland operator's license.

While we understand the logic of defendant's arguments, we must reiterate that our courts have uniformly drawn the distinction between operating privileges and the possession of an operator's license as such. The issue here involves the question whether or not defendant should have the *privilege* (italics ours) of operating a motor vehicle in Pennsylvania under these circumstances at the time of his arrest. The court in Commonwealth v. Stodder, 27 D. & C. 2d 327, 80 Montg. 178 (1962), stated categorically that the operation of a motor vehicle upon highways of the Commonwealth of Pennsylvania is not a matter of right, but is a matter of privilege. This principle has been restated repeatedly. See Commonwealth v. Zimmerman, supra.

It seems clear that the legislature intended to place those whose operating privileges have been suspended or revoked in a different class than those who never lost their operating privileges in Pennsylvania. See Commonwealth v. Stodder, supra.

Since operating privileges in Pennsylvania were not automatically restored to defendant after the expiration of his one-year period of suspension or revocation, it was incumbent upon him to request the restoration of his Pennsylvania operating privileges by either posting financial responsibility or asking the Secretary of Transportation to waive the same, or to otherwise restore his operating privileges. This defendant failed to do. Therefore, we have no alternative but to make the following

## ORDER OF COURT

And now, to wit, January 5, 1973, we adjudge defendant guilty of operating a motor vehicle in Penn-

sylvania after his operating privileges had been suspended in violation of section 1432 of The Vehicle Code. We direct defendant to appear for sentencing at a time to be arranged by the district attorney and counsel for defendant, with the approval of the court.